900 F.2d 253
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Winston LLOYD, Plaintiff-Appellant,
and
Mark Hisley; Roger Paesch; Jimmy Shaver; Glenn Barmer;
Joseph Phrew; William J. Gross, Plaintiffs,
v.
William Donald SCHAEFER, Governor; BISHOP ROBINSON,
Secretary of Public Safety and Correctional Services;
ELMANUS HERNDON, Acting Commissioner of Correction; RICHARD
SINGLETON, Warden Maryland House of Correction; QUEENIE
STOOP'S SUPERVISOR II, Classification Counselor Maryland
House of Correction, All defendants sued in their own
individual and official capacities, Defendants-Appellees.
Roger PAESCH, Plaintiff-Appellant,
and
Mark Hisley; Winston Lloyd; Jimmy Shaver; Glenn Barmer;
Joseph Phrew; William J. Gross, Plaintiffs,
v.
William Donald SCHAEFER, Governor; Bishop Robinson,
Secretary of Public Safety and Correctional Services;
Elmanus Herndon, Acting Commissioner of Correction; Richard
Singleton, Warden Maryland House of Correction; Queenie
Stoop's Supervisor II, Classification Counselor Maryland
House of Correction, All defendants sued in their own
individual and official capacities, Defendants-Appellees.
Jimmy SHAVER, Plaintiff-Appellant,
and
Winston Lloyd; Mark Hisley; Roger Paesch; Glenn Barmer;
Joseph Phrew; William J. Gross, Plaintiffs,
v.
William Donald SCHAEFER, Governor; BISHOP ROBINSON,
Secretary of Public Safety and Correctional Services;
ELMANUS HERNDON, Acting Commissioner of Correction; RICHARD
SINGLETON, Warden Maryland House of Correction; QUEENIE
STOOP'S SUPERVISOR II, Classification Counselor Maryland
House of Correction, All defendants sued in their own
individual and official capacities, Defendants-Appellees.
Glenn BARMER, Plaintiff-Appellant,
and
Mark Hisley; Roger Paesch; Winston Lloyd; Jimmy Shaver;
Joseph Phrew; William J. Gross, Plaintiffs,
v.
William Donald SCHAEFER, Governor; Bishop Robinson,
Secretary of Public Safety and Correctional Services;
Elmanus Herndon, Acting Commissioner of Correction; Richard
Singleton, Warden Maryland House of Correction; Queenie
Stoop's Supervisor II, Classification Counselor Maryland
House of Correction, All defendants sued in their own
individual and official capacities, Defendants-Appellees.
William J. GROSS, Plaintiff-Appellant,
and
Mark Hisley; Roger Paesch; Winston Lloyd; Jimmy Shaver;
Glenn Barmer; Joseph Phrew, Plaintiffs,
v.
William Donald SCHAEFER, Governor; Bishop Robinson,
Secretary of Public Safety and Correctional Services;
Elmanus Herndon, Acting Commissioner of Correction; Richard
Singleton, Warden Maryland House of Correction; Queenie
Stoop's Supervisor II, Classification Counselor Maryland
House of Correction, All defendants sued in their own
individual and official capacities, Defendants-Appellees.
 Nos. 89-7239, 90-7006 to 90-7009.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1990.
Decided March 14, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Chief District Judge. (C/A No. 89-3127-H).
 Winston Lloyd, Roger Paesch, Jimmy Shaver, Glenn Barmer, William J. Gross, appellants pro se.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Winston Lloyd, Roger Paesch, Jimmy Shaver, Glenn Barmer, and William J. Gross appeal from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Lloyd v. Schaefer, C/A No. 89-3127-H (D.Md. Nov. 21, 1989).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We construe this action to present only the claim that appellants have a constitutionally protected right to be incarcerated in a minimum security facility. As construed, the complaint was properly dismissed. See Paoli v. Lally, 812 F.2d 1489 (4th Cir.1987) (Maryland statutes and regulations do not create a protected liberty interest in being transferred to a minimum security facility). Appellant Lloyd has alleged in papers filed in this appeal that several inmates have been attacked by higher classification inmates. Our disposition in this case is without prejudice to any of the inmates so attacked bringing an action for failure to protect them against such assaults